IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DREMA ODELL, Executrix of the Estate of Edward Weingartner, Jr. and Drema Odell, individually | : : : : | CIVIL ACTION |
| v. | : : | No. 16-0984 |
| ONE WEST BANK, NA, FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A Subsidiary of Indymac Bank, F.S.B., NATIONSTAR MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., SAFEGUARD PROPERTIES and JOHN DOE | : : : : : : : : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                      **June 30, 2016**

The plaintiff asserts federal subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. In order for a federal court to exercise diversity jurisdiction, the parties must be citizens of different states. *Id.* § 1332(a). Failure to properly and completely allege a basis for diversity jurisdiction deprives a federal court of jurisdiction. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," we review the complaint. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

In a complaint alleging diversity of citizenship as the basis for federal jurisdiction, the burden is on the plaintiff to affirmatively identify the citizenship of each party so that "the existence of complete diversity can be confirmed." *Chemical Leaman*, 177 F.3d at 222 n.13 (citing Fed. R. Civ. P. 8(a)(1)); 5 Wright & Miller § 1208, at 100 (2d ed. 1990)).

Allegations as to a party's "residency," as opposed to "citizenship" or "domicile," are "jurisdictionally inadequate in [a] diversity of citizenship case." *McNair v. Synapse Group Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")).

The complaint alleges that the plaintiff resides in Pennsylvania. Assuming the plaintiff is a citizen of Pennsylvania, the defendants must be citizens of states other than Pennsylvania.

Although the plaintiff alleges the principal place of business of each corporate defendant, she does not aver the state of incorporation of each one. "A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Hence, we cannot determine the citizenship of the corporate defendants.

There is no provision in the federal rules permitting the use of fictitious party names. In a complaint alleging diversity of citizenship as the basis for federal jurisdiction, the burden is on the plaintiff to affirmatively identify the citizenship of each defendant. *Chemical Leaman*, 177 F.3d at 222 n.13 (citing Fed. R. Civ. P. 8(a)(1)). The use of John Doe defendants in diversity cases in which they are not merely nominal or extraneous parties destroys § 1332 subject matter jurisdiction because the court is unable to determine whether there is complete diversity. *Id.*; *see also Abels State Farm Fire & Casualty Co.*, 770 F.2d 26, 29-32 (3d Cir. 1985) (where the face of complaint stated allegations that John Doe defendants were responsible for wrongful conduct at heart of plaintiff's claims, this

justified the court's consideration of their citizenship, defeating diversity jurisdiction).

Because the plaintiff has failed to allege the state of citizenship of any party, we cannot determine whether there is complete diversity. *Chemical Leaman*, 177 F.3d at 222 n.13. Failure to properly and completely allege a basis for diversity jurisdiction deprives a federal court of jurisdiction. *Id.*; 28 U.S.C. § 1332. Therefore, we shall dismiss the action.